ARTURO E. QUINTERO, Appellant, *v.* REGISTRAR OF PROPERTY OF BAYAMÓN, Respondent.

No. 1191. Submitted November 4, 1946.—Decided December 20, 1946.

724

*Damián Monserrat, Jr.,* and *Gabriel de la Haba* for appellant. The registrar appeared by brief.

Mr. Justice de Jesús delivered the opinion of the court.

The question for decision in this administrative appeal is: Where two properties have been consolidated by the seller in the same deed in which the sale is executed, does the record of the sale lie without having previously recorded the consolidation of the properties? It appears from the record that by deed No. 98 of May 20 last, before Notary Rafael Baragaño Diez, Josefina Ramírez, unmarried, declared to be owner of two urban properties, which she joined. In the same deed she sold to Arturo E. Quintero the properties thus consolidated. The deed was presented in the registry, but the internal revenue stamps deposited were insufficient for the recordation of the consolidated properties and of the contract of sale. The registrar recorded the consolidation, but since the purchaser refused to deposit the corresponding stamps for recording the sale, he suspended the registration of the latter. Appellant contends that he had not sought the recordation of the consolidation and that the registrar should have recorded the sale by using the stamps which the purchaser had deposited upon presenting the document. The registrar maintains that from the entry of presentation it appears that he had applied for the registration of the consolidation as well as the sale.

When the seller consolidated the two properties she formed a single one comprised of both properties and the

consolidation should have been recorded as a new property which is recorded for the first time in the registry of property.[1] Since pursuant to § 20 of the Mortgage Law, in order to record or enter deeds conveying or encumbering the ownership or possession of real property or property rights, the interest of the person executing it must appear of record, it was indispensable in the present case to previously record in the name of the seller the new property which was the subject matter of the sale. As rightly asserted by the registrar, since the consolidation had not been previously recorded, he would have necessarily denied recordation of the sale on the ground that the property did not appear recorded in the name of the seller.

██ The previous recordation of the consolidation does not mean that two entries must necessarily be made: one embracing the consolidation and another one the sale. Both operations may be made in one entry alone; but the schedule fees must, of course, be charged for each one of said operations.

Since fees were chargeable on the registration of the consolidated properties, the registrar acted correctly in taking from the stamps deposited those belonging to that operation. *P. R. Leaf Tobacco Co.* v. *Registrar of Property*, 20 P.R.R. 374.

The decision appealed from must be affirmed.

Mr. Justice Snyder did not participate herein.

---

[1] Section 60 of the Regulations for the Execution of the Mortgage Law, in so far as pertinent, provides:

"When two estates are joined to form a single estate, the latter shall be recorded under a new number, a mention thereof being made in the margin of each of the previous records relating to the ownership of the estates combined. Reference shall also be made in the new record to the old records, as well as to the charge which previously encumbered the estates joined."